# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT MCSEVENEY, Immigration Judge, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-2351 AJB (BLM)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**3) GRANTING MOTION TO AMEND COMPLAINT;**<br><br>**4) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**<br><br>(Doc. Nos. 10, 11, 12, 14) |

Presently before the Court are Plaintiff Melchor Limpin's motion for reconsideration, (Doc. No. 14), motion to proceed *in forma pauperis*, (Doc. No. 12), motion to amend complaint, (Doc. No. 11), and motion to show good cause and request for more

time, (Doc. No. 10). As explained below, the Court **GRANTS** Plaintiff's motion for reconsideration, **DENIES** Plaintiff's motion to proceed *in forma pauperis*, **GRANTS** Plaintiff's motion to amend complaint, and **DENIES** Plaintiff's motion to request for more time.

## BACKGROUND

On September 16, 2016, Plaintiff Melchor Limpin filed a complaint against Jeh Johnson, Secretary of U.S. DHS; Kamala Harris, the Attorney General of California; Guy Grande, DHS Attorney; and Robert McSeveney, Immigration Judge. (Doc. No. 1.) No further action was taken other than Plaintiff's filing of three separate notices of change address. (Doc. Nos. 2, 4, 5.) Nearly two years after the complaint was filed, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of prosecution and set a hearing for August 27, 2018. (Doc. No. 6.) The Court held the hearing on August 27, 2018. (Doc. No. 8.) No appearances were made by any parties. (*Id.*) The Court then dismissed the case pursuant to Federal Rules of Civil Procedure Rule 4(m). (*Id.*) This Order follows.

## LEGAL STANDARD

Pursuant to FRCP 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6). A motion made under the first three subsections of Rule 60(b) must be brought within a year, but a motion made under the other subsections need only be brought within a "reasonable time after entry of the order sought to be set aside." *Id.*; *see also United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

2

16-cv-2351 AJB (BLM)

# DISCUSSION

Plaintiff seeks reconsideration of the Court's dismissal of his case. (Doc. No. 14 at 3.) Plaintiff alleges that he submitted written arguments on August 24, 2018 for the hearing scheduled on August 27, 2018 and therefore he presumed no oral argument was required. (*Id.* at 1–2.) Plaintiff argues that an alleged mistake, inadvertence, surprise or excusable neglect occurred since the documents are date stamped and received by the clerk of court on August 24, 2018 and should have reached the Court prior to rendering its decision of no appearance. (*Id.* at 2.) While Plaintiff's briefs were received by the Clerk of Court prior to the August 27, 2018 hearing, the briefs were not filed on the Court's docket until September 7, 2018. (Doc. Nos. 10, 11, 12.) Therefore, the Court's reasoning to dismiss the case for lack of appearance and for lack of prosecution pursuant to Federal Rules of Civil Procedure Rule 4(m) is no longer valid. Therefore, the Court **VACATES** its dismissal of Plaintiff's case and **GRANTS** Plaintiff's motion for reconsideration.

Plaintiff requests to proceed *in forma pauperis* ("IFP"). (Doc. No. 12.) However, Plaintiff previously paid the filing fee of $400.00 upon the filing of his complaint. Therefore, Plaintiff does not require IFP status. Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP.

Plaintiff seeks leave to amend his complaint. (Doc. No. 11.) Federal Rules of Civil Procedure Rule 15(a)(1) provides in relevant part "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Therefore, Plaintiff may file an amended complaint as a matter of due course and without leave of the Court. Accordingly, the Court **GRANTS** Plaintiff's motion to amend his complaint.

Plaintiff also seeks an extension of time to serve Defendants. Plaintiff alleges that an extension of time to serve Defendants is required since his claims would be barred by the statute of limitations if he was to re-file his litigation. (Doc. No. 10 at 2.) Plaintiff appears to have attempted to serve his First Amended Complaint upon Defendants through regular mail during August of 2018. However, Plaintiff has not yet filed his First Amended Complaint with the Court. Further, the Court above has granted Plaintiff's motion to amend

the complaint and vacated its dismissal, thus Plaintiff does not require an extension of time to serve. Accordingly, Plaintiff's motion for an extension of time is **DENIED**.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for reconsideration, **DENIES** Plaintiff's motion to proceed *in forma pauperis*, **GRANTS** Plaintiff's motion to amend complaint, and **DENIES** Plaintiff's motion to request for more time. The Court encourages Plaintiff to file his First Amended Complaint with the Court and follow the service requirements to timely and properly serve the federal defendants. *See* Fed. R. Civ. P. 4.

**IT IS SO ORDERED**.

Dated: December 10, 2018

Hon. Anthony J. Battaglia
United States District Judge