UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>                              Plaintiff,<br>v.<br>ROBERT MCSEVENEY, Immigration Judge, et al.,<br><br>                             Defendants. | Case No.: 16-CV-2351-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING FEDERAL DEFENDANTS' MOTION TO DIMISS IN THEIR OFFICIAL CAPACITY**<br><br>**(2) GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS IN THEIR INDIVIDUAL CAPACITY**<br><br>**(Doc. No. 32.)** |

    Pending before the Court is federal Defendants' motion to dismiss in their official capacity and in their individual capacity. (Doc. No. 32.) Plaintiff Melchor Karl T. Limpin opposes this motion. (Doc. No. 37.) After a careful review of the entire record, and for the reasons set forth below, the Court (1) **GRANTS** federal Defendants' motion to dismiss in their official capacity and (2) **GRANTS** federal Defendants' motion to dismiss in their individual capacity.

//

//

## I.  BACKGROUND

The following facts are taking from Plaintiff's first amendment complaint ("FAC").

The instant matter revolves around Plaintiff's civil action for damages and injunctive relief for alleged constitutional violations by all defendants named. (*See generally* Doc. No. 19.) Plaintiff was arrested on January 4, 2015, by the San Diego Police Department for felony drug possession with intent to sale. (*Id.* ¶ 1.) On January 24, 2015, Plaintiff pled guilty and was sentenced to serve six months in custody and six months of probation. (*Id.*) Plaintiff was released from custody on July 6, 2015. (*Id.*) On July 29, 2015, Plaintiff was at the Vista Probation Office for his weekly mandatory supervision with Defendant Hymas. (*Id.* ¶ 4.) During this time, Defendants Cobian and Larwa from Immigration and Customs Enforcement ("ICE") seized and detained Plaintiff. (*Id.* ¶ 1.) Defendants Cobian and Larwa presented Plaintiff with a notice to appear and a warrant for arrest of an alien for an aggravated felony. (*Id.*) This aggravated felony was the felony drug possession with intent to sale Plaintiff was arrested for on January 4, 2015. (*Id.*) The warrant for arrest and notice to appear alleged deportable charges based on the aggravated felony. (*Id.*)

Plaintiff alleges this arrest violated his Fourth Amendment rights because the warrant for arrest and notice to appear were issued by Defendants, ICE agents Porter and Cobian, not by a magistrate or someone neutral and detached from law enforcement. (*Id.* ¶ 5.) Plaintiff alleges his deportable charges were not determined until September 1, 2015, therefore, he was not given a 48-hour prompt judicial review of his initial arrest on July 29, 2015, in violation of his Fourth Amendment rights. (*Id.* ¶ 6.) Plaintiff also alleges he was never given a proper *Preap* bond hearing and was instead subject to a custody trial on his danger to the community and flight risk. (*Id.* ¶ 7-15.) Plaintiff further alleges his Eighth Amendment and Equal Protection rights were violated when he was arrested, put in a private prison, and forced to face Defendants (Immigration Judge Robert McSeveny and Department of Homeland Security prosecuting attorneys). (*Id.* ¶

28-30.)

In sum, Plaintiff brings six causes of action under *Bivens* alleging constitutional violations against these seven federal Defendants in their official and individual capacity.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on September 16, 2016. (Doc. No. 1.) No further action was taken except for Plaintiff's three separate notice of change of addresses he filed with the Court. (Doc. Nos. 2, 4, 5.) On August 27, 2018, the case was dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 8.) Plaintiff then filed a motion for extension of time to file, a motion to amend/correct, a motion for leave to proceed n forma pauperis, and a motion for reconsideration on September 7, 2018. (Doc. Nos. 10, 11, 12, 14.) On December 10, 2018, Plaintiff's motion to amend/correct and motion for reconsideration were granted by the Court. (Doc. No. 18.)

Plaintiff filed his amended complaint on December 14, 2018. (Doc. No. 19.) The Clerk issued a summons the same day. (Doc. No. 20.) On January 3, 2019, Plaintiff served the U.S. Attorney's Office and the U.S. Attorney General with his amended complaint and summons. (Doc. No. 21.) Defendants filed a motion to stay on January 9, 2019. (Doc. No. 22.) This motion was granted on the same day. (Doc. No. 23.) Plaintiff filed a motion for default judgment on May 22, 2019. (Doc. No. 26.) Plaintiff's motion for default judgment was denied on June 3, 2019, because Plaintiff had not effectuated service on any of the federal Defendants in their individual capacity. (Doc. No. 27.)

Thereafter, Plaintiff filed four separate certificates of service. (Doc. Nos. 28, 29, 30, 31.) First, Plaintiff filed a certificate of service indicating the U.S. Department of Homeland Security agency and/or Kevin K. McAleenan; Executive Office for Immigration Review agency and/or Robert B.C. McSeveny; U.S. Immigration and Customs Enforcement Agency and/or ICE agents Porter, Cobian, and Larwa; San Diego Office of Chief Counsel for Immigration and Customs Enforcement agency and/or DHS attorneys Guy Grande, Kerri Calcador, and Jeffery R. Linblad; and the Office of

Immigration Litigation were served via certified mail on June 4, 2019. (Doc. No. 28.) Second, Plaintiff filed a certificate of service indicating the U.S. Department of Homeland Security agency with attention to Kevin K. McAleenan; Executive Office for Immigration Review agency with attention to Robert B.C. McSeveny; U.S. Immigration and Customs Enforcement Agency with attention to ICE agents Porter, Cobian, and Larwa; and the Office of the Principal Legal Advisor with attention to DHS attorneys Guy Grande, Kerri Calcador, and Jeffery R. Linblad were served via mail by a third party on July 31, 2019. (Doc. No. 29.) Third, Plaintiff filed a certificate of service indicating Paul, Weiss, Rifkind, Wharton & Garrison LLP with attention to Jeh C. Johnson were served via mail by a third party on August 19, 2019. (Doc. No. 30.) Lastly, Plaintiff filed a certificate of service indicating Robert McSeveny, Jeh C. Johnson, ICE agent Porter, ICE agent Cobian, ICE agent Larwa, DHS attorney Guy Grande, and DHS attorney Kerri Calcador were personally served by a resident of San Diego County that was over the age eighteen and not a party in this lawsuit on September 16, 2019. (Doc. No. 31.)

Defendants then filed a motion to dismiss on November 15, 2019. (Doc. No. 32.) On December 20, 2019, Plaintiff filed an opposition to the motion to dismiss. (Doc. No. 37.) On January 3, 2020, Defendants filed a reply to Plaintiff's opposition to the motion to dismiss. (Doc. No. 38.)

### III.   LEGAL STANDARD

A.   Federal Rule of Civil Procedure 12(b)(1)

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings but may review any evidence to resolve factual

disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

B.  <u>Federal Rule of Civil Procedure 12(b)(2), (4), and (5)</u>

The Court cannot exercise personal jurisdiction over a defendant unless there has been proper service over a defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988). When service of process is challenged, the party on whose behalf service was made—in this case, Plaintiff—has the burden to establish its validity. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981). Although Rule 4 is to be construed liberally, service is not effective unless a plaintiff has substantially complied with its requirements. *Direct Mail*, 840 F.2d at 688. *See also Nordic Bank PLC v. Trend Group, Ltd.*, 619 F.Supp. 542, 564 (D.C.N.Y.1985) (citing *Phillips v. Murchison*, 194 F.Supp. 620, 622 (S.D.N.Y.1961) (once an amended complaint has been filed, service of the superseded original complaint is inappropriate). Where service of process is deemed insufficient, the district court has broad discretion to either dismiss the action or to retain the case but quash service. *Montalbano v. Easco Hand Tools, Inc*., 766 F.2d 737, 740 (2d Cir.1985).

Federal Rule of Civil Procedure 4(e) provides that individuals may be served by one of two methods. First, service may be perfected according to the law of the state in which the district court is located, or in which service is effected. Fed. R. Civ. P. 4(e)(1). Second, service may be done by presenting a copy of the summons and complaint to the individual personally, by leaving copies at the individual's home with a person of suitable

age, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

## IV. DISCUSSION

The Court will first address Defendants' motion to dismiss in their official capacity based on subject matter jurisdiction. Then the Court will address the Defendants' motion to dismiss in their individual capacity based on personal jurisdiction.

A.   Defendants' Motion to Dismiss in Their Official Capacity

Defendants contend Plaintiff's compliant against them in their official capacity should be dismissed for lack of subject matter jurisdiction. (Doc. No. 32 at 4-5.) Defendants argue the United States has not waived its sovereign immunity for actions seeking damages for constitutional violations, therefore, the Court lacks subject matter jurisdiction. (Doc. No. 32 at 4.) Defendants also argue a cause of action under *Bivens* cannot be brought against federal defendants in their official capacity. (Doc. No. 32 at 5.)

Plaintiff never explains in his FAC why the Court has subject matter jurisdiction over the federal defendants in their official capacity. (*See* Doc. No. 19.) Plaintiff argues in his opposition to Defendants' motion he is seeking only injunctive relief against Defendants in their official capacity. (Doc. No. 37 at 9.) However, Plaintiff still does not address why the Court has subject matter jurisdiction over the federal defendants in their official capacity. (Doc. No. 37.) Plaintiff's only response is to allege an Administrative Procedure Act against the defendants, but this claim is never brought up in his FAC. (Doc. No. 37 at 9.)

Sovereign immunity shields the federal government and its agencies from being sued unless there is a waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, we must determine if the United States has waived sovereign immunity under *Bivens* claims. "'The purpose of *Bivens* is to deter the officer,' therefore, a *Bivens* claim should be 'brought against the individual for his or her own act.'" *Lanuza v. Love*, 899 F.3d 1019, 1028-29 (9th Cir. 2018) (quoting *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)). *Bivens* claims are not available against federal agencies or federal agents sued in their official

capacity. *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Here, Plaintiff seeks to bring *Bivens* claims against federal defendants in their official capacity. However, the United States has not waived their sovereign immunity and *Bivens* claims cannot be brought against federal agents sued in their official capacity. Plaintiff has the burden of proving the existence of subject matter jurisdiction and has failed to do so. Accordingly, the Court lacks subject matter jurisdiction.

B.  <u>Defendants' Motion to Dismiss in Their Individual Capacity</u>

Defendants also contend Plaintiff's complaint against them in their individual capacity should be dismissed for lack of personal jurisdiction. (Doc. No. 32 at 6.) Defendants argue they were never served the FAC in accordance with Federal Rule of Civil Procedure 4. (*Id.*) Plaintiff argues he did serve defendants in accordance with Federal Rule of Civil Procedure 4 when he served the Department of Justice attorneys via certified mail on December 14, 2018, and on January 3, 2019. (Doc. No. 37 at 30.) Plaintiff argues the Department of Justice attorneys are representing Defendants in their individual capacity and are consider agents under Federal Rule of Civil Procedure 4(e)(2)(C). (Doc. No. 37 at 30.)

Service can be effectuated when a copy is delivered to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Plaintiff argues 28 C.F.R. § 50.15 authorizes the Department of Justice attorneys to accept service on behalf of Defendants in their individual capacity. (Doc. No. 37 at 31.) However, this statute merely details the representation of federal officials and employees by Department of Justice attorneys. *See* 28 C.F.R. § 50.15. It does not designate Department of Justice attorneys as agents allowed to receive service of process as described under Federal Rule of Civil Procedure 4(e)(2)(C). *Id.* The relationship between attorney and client does not by itself convey the authority for an attorney to accept service on behalf of his client. *U.S. v. Ziegler Bolts and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). The record needs to indicate the attorney exercised authority beyond the attorney-client relationship, including the authority to accept service. *Id.* Here, the record does not indicate the

Department of Justice attorneys are authorized to receive process of service as agents of the federal Defendants. Defendants never authorized the Department of Justice attorneys by appointment to receive service for them. The Department of Justice attorneys are also not authorized by law under 28 C.F.R. § 50.15 to receive service on behalf of Defendants. Therefore, service was not effectuated when the Department of Justice attorneys were served, and service was not proper under Federal Rule of Civil Procedure 4.

In the alternative, Plaintiff did file four certificates of service beginning on June 4, 2019. (Doc. Nos. 28, 29, 30, 31.) These four certificates of service indicate service in different ways (via certified mail, regular mail by third party, and service by third party) to different groupings of the Defendants. (*Id.*) However, defendants must be served within 90 days of the complaint being filed otherwise the complaint must be dismissed without prejudice. Fed. R. Civ. P. 4(m). The case was reopened on December 10, 2018. (Doc. No. 18.) Plaintiff filed his FAC on December 14, 2018, meaning he had 90 days to serve Defendants in accordance with Federal Rule of Civil Procedure 4. (Doc. No. 19.) Plaintiff would have had until March 14, 2019, to serve Defendants, but the Court ordered a stay, which allowed all deadlines to be extended in accordance with the length of the stay. (Doc. No. 23.) The stay lasted five weeks. (Doc. No. 24.) Five weeks from March 14, 2019, is April 18, 2019. Therefore, Plaintiff had until April 18, 2019, to serve Defendants properly. Plaintiff's certificates of service indicate the earliest any of the Defendants were served in their individual capacity was June 4, 2019, therefore, service was not timely under Fed. R. Civ. P. 4(m). Accordingly, the Court lacks personal jurisdiction.

## V.   CONCLUSION

As set forth more fully above, the Court **GRANTS** Defendants' motions to dismiss in their official capacity. The Court also **GRANTS** Defendants' motions to dismiss in their individual capacity. The Court **DISMISSES** Plaintiff's complaint **WITHOUT** prejudice. Fed. R. Civ. P. 4(m) (the action must be dismissed "without prejudice against that defendant or order that service be made within a specified time").

**IT IS SO ORDERED**.

Dated: August 12, 2020

Hon. Anthony J. Battaglia
United States District Judge