UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT MCSEVENEY, Immigration Judge, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-cv-02351-AJB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF**<br><br>**(Doc. No. 58)** |

Before the Court is Melchor Karl T. Limpin's ("Limpin") motion for relief under Federal Rule of Civil Procedure ("Rule") 60(b)(1) requesting the Court to "reverse its order" striking his motions for leave to proceed in forma pauperis and to amend his complaint. (Doc. No. 58 at 1.) Limpin contends the Court made a mistake when it struck his filings based on the Ninth Circuit's decision to affirm the Court's dismissal of Limpin's action. (*Id.*) For the reasons set forth below, the Court **DENIES** Limpin's motion.

I.   **BACKGROUND**

Limpin filed suit against several federal defendants in their official and individual capacities, seeking relief under *Bivens* for alleged constitutional violations. (Doc. No. 19.) Because "the United States has not waived [its] sovereign immunity and *Bivens* claims

cannot be brought against federal agents sued in their official capacity," the Court found it lacked subject matter jurisdiction over the defendants in their official capacity and granted their motion to dismiss on that basis. (Doc. No. 40 at 7.) Additionally, because Limpin failed to effectuate proper service on the defendants in their individual capacities despite receiving notice and opportunity to do so, the Court found it lacked personal jurisdiction over the defendants in their individual capacities and granted their motion to dismiss on that basis. (*Id.* at 7–8.) The Court accordingly dismissed Limpin's complaint without prejudice. (*Id.* at 8.)

Limpin appealed. (Doc. No. 41.) The Ninth Circuit affirmed. (Doc. No. 47.) Several months later, Limpin filed with this Court motions for leave to proceed in forma pauperis and file a second amended complaint. (Doc. Nos. 55, 56.) The Court struck those filings, explaining that the Ninth Circuit affirmed its dismissal of his action and that this case is closed. (Doc. No. 57.) The instant motion for relief under Rule 60(b)(1) follows.

## II.   DISCUSSION

Under Rule 60(b)(1), a court may relieve a party from a final judgment or order on certain grounds, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

Here, Limpin argues the Court mistakenly struck his motions for leave to proceed in forma pauperis and file a second amended complaint because "he seeks to amend based on allegations of 'different facts' or 'different grounds' central to this case, not previously argued with the appellate court." (Doc. No. 58 at 2.) His argument does not merit relief under Rule 60(b)(1). The Ninth Circuit affirmed the Court's decision to dismiss Limpin's case. Consequently, this case is over, and Limpin cannot amend his complaint to add different facts and claims.[1]

---

[1] Because the Court's dismissal of Limpin's complaint was without prejudice, however, Limpin may seek to file a new, separate case.

Lastly, Limpin argues that he should have been allowed to amend his complaint as a matter of right under Rule 15(a). (Doc. No. 58 at 2–3.) He is mistaken. Because Limpin previously amended his complaint as a matter of course in December 2018, (Doc. No. 19), he no longer has available to him an amendment as of right. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading *once* as a matter of course[.]" (emphasis added)).

For the foregoing reasons, the Court finds that Limpin has not presented a mistake on the part of the Court warranting reversal of its prior decision. *See* Fed. R. Civ. P. 60(b)(1); *Fid. Fed. Bank,* 387 F.3d at 1024.

## III.   CONCLUSION

There being no mistake in the Court's decision to strike Limpin's filings, the Court **DENIES** Limpin's motion for relief pursuant to Rule 60(b)(1).

**IT IS SO ORDERED**.

Dated:  October 17, 2022

Hon. Anthony J. Battaglia
United States District Judge